

# In the
# Missouri Court of Appeals
# Western District

SAMANTHA J. FREELAND,

        Appellant,

v.

DIVISION OF EMPLOYMENT
SECURITY,

        Respondent.

WD84955

OPINION FILED:

JUNE 7, 2022

## Appeal from Labor and Industrial Relations Commission

### Before Division Three: Gary D. Witt, Presiding Judge, Anthony Rex Gabbert, Judge, W. Douglas Thomson, Judge

Samantha Freeland[1] ("Appellant") appeals the decision of the Labor and Industrial Relations Commission denying her unemployment benefits. She presents one point on appeal[2] arguing that she left her employment for good cause. The appeal is dismissed.

## Analysis

"Rule 84.04 sets forth the minimum requirements for appellate briefing." *Murphree v. Lakeshore Estates, LLC*, 636 S.W.3d 622, 623 (Mo. App. E.D. 2021). "Compliance with those

---

[1] The Appellant identifies herself as Samantha Gaines in her brief with this court. References to Samantha Freeland, Samantha Gaines, and Samantha Freeland Gaines appear in the legal record.

[2] Appellant's initial brief was struck for failure to comply with Rule 84.04. She then submitted an amended brief to this court. That is the brief discussed in this opinion.

requirements is mandatory." *Id*. "An appellant must adhere to the rules of appellate procedure in order for this Court to review the appeal." *Id*. at 623-24. "Failure to comply with the rules of appellate procedure is a proper ground for dismissing an appeal." *Id*. at 624 (internal quotation marks omitted).

"It is with great hesitation that we dismiss an appellant's brief for failure to comply with Rule 84.04." *Id*. "Our preference is to decide an appeal on the merits where disposition is not hampered by rule violations and the argument is readily understandable." *Id*. (internal quotation marks omitted). "However, when the deficiencies affect our ability to understand and adequately address the claims of error, the brief preserves nothing for review." *Id*.

"Rule 84.04 is not merely a rule of technicalities." *Id*. "Instead, it serves several necessary functions." *Id*. "Importantly, compliance with Rule 84.04 ensures that the opposing party is adequately informed of the precise matters in contention and informs this Court of the issues for review." *Id*. "This permits this Court to conduct a meaningful review of the issues before it and ensures that opposing positions will have adequate representation, which is essential to our adversary system." *Id*.

"Perhaps more importantly, an appellant's compliance with Rule 84.04 is necessary to ensure that this Court retains its role as a neutral arbiter." *Id*. "Deficient briefing runs the risk of forcing this Court to assume the role of advocate by requiring us to sift through the legal record, reconstruct the statement of facts, and craft a legal argument on the appellant's behalf." *Id*. "This requires this Court to speculate as to the facts and arguments that may have been asserted." *Id*. "If this Court cannot reach the merits without supplementing the appellant's legal arguments, then nothing has been preserved for review." *Id*. (internal quotation marks omitted).

2

Rule 84.04(c) provides that the "statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument. All statements of facts shall have specific page references to the relevant portion of the record on appeal…." Appellant's facts section states in its entirety:

On March 19th 2020 I was informed that would be my last day serving due to the pandemic, and due to this pandemic, they would be closing and didn't have a return date, my last day was on March 19th, not March 29th as stated by this board. That is a false statement, but months prior to that I gave them notice that I would be moving to Illinois with my disabled husband so that he could be with his daughter.

I left on good terms because months before I gave notice. They closed due to the pandemic before I was supposed to leave for Illinois. So since they closed because of the pandemic, we went ahead and left for Illinois because they said they didn't have a return date. I moved to Illinois with my husband, which he is a disabled veteran, so he could be closer to his daughter. I also take care of him because he is limited in what he can do so I am his caretaker.

They say I left without good cause. I feel that taking care of a disabled veteran is good cause, actually its an honor to take care of someone who would fight for this country. He wanted to be closer to his daughter, so who am I to get in the way. Honestly before Gaines gave notice she was going to moved to Paducah, KY to help open the store there. Gaines received her serve-safe from the GM Todd King to be a manager in Paducah, KY. Then decided to move up to Peoria, IL to be with family instead. If we don't have family. What else do we have?

(All errors are replicated from the original). The statement of facts is not a "fair and concise statement of the facts relevant to the questions presented for determination without argument." *Id*. It also does not contain citations to the legal record.

Rule 84.04(d) states that the point relied "shall (A) Identify the trial court ruling or action that the appellant challenges; (B) State concisely the legal reasons for the appellant's claim of reversible error; and (C) Explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." The point is to be substantially in the following form: "The trial court erred in [*identify the challenged ruling or action*], because [*state the legal*

*reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*]." Appellant's point relied on states in its entirety:

> The LIRC erred in determining that Gaines left Bandana's voluntarily without GOOD CAUSE.

It does not follow the form set forth in the rule. Moreover, it does not state the legal reasons for claimed error or why they support the claim of reversible error.

Rule 84.04(e) provides that "[f]or each claim of error, the argument shall also include a concise statement describing whether the error was preserved for appellate review; if so, how it was preserved; and the applicable standard of review." Further, "[a]ll factual assertions in the argument shall have specific page references to the relevant portion of the record on appeal…." Appellant's argument section states in its entirety:

> The LIRC erred in determining that Gaines left Bandana's voluntarily without GOOD CAUSE.
>
> I. It is stated my last day was 03-29-2020. This statement is incorrect. Gaines had moved out of state on 03-22-2020.
>
> II. On March 19 2020 Gaines was informed that would be her last day working due to COVID-19. Months prior Gaines had given notice she was moving out of state to be with family. I did not start the pandemic. Bandana's was my last place of employment. I gave my all to them. For the time I was there. I could not help that Illinois open later than Missouri and jobs were very hard to find due to my line of work.

None of those criteria are present in the argument.

Rule 84.04(a)(6) provides that a brief "shall contain … [a] short conclusion stating the precise relief sought." Appellant's conclusion in her brief states in its entirety:

> It is my findings that Gaines left on GOOD CAUSE. She gave notice. She moved out of state to be with family. What other GOOD CAUSE could there be.

Again, this does not comply with Rule 84.04.

4

"*Pro se* appellants must follow the same rules of procedure as parties represented by attorneys, and they are not entitled to exceptions they would not receive if represented by counsel." *Barbero v. Wilhoit Properties, Inc.*, 637 S.W.3d 590, 595 (Mo. App. E.D. 2021) (internal quotation marks omitted). "We recognize the problems faced by *pro se* litigants, but we cannot relax our standards for non-lawyers." *Id*. "Our application of the rules stems not from a lack of sympathy, but instead from a necessity for judicial impartiality, judicial economy, and fairness to all parties." *Id*. Due to the significant deficiencies in Appellant's briefing, we must dismiss this appeal. "We are reluctant to do so, given this Court's stated preference for reaching the merits of a dispute if the briefing so allows." *Murphree*, 636 S.W.3d at 626. In this case, however, we cannot review the claimed error without completing Appellant's argument for her. We will not do so.

## Conclusion

The appeal is dismissed.

_____
Anthony Rex Gabbert, Judge

All concur.

5